UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CUONG HUY DAO, | No.  2:23-cv-0682-TLN-CKD P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| C. VANHORN, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. By order filed on January 28, 2025, the undersigned found service of the second amended complaint was appropriate for defendant Dr. Tusluk, who is the only remaining defendant in this case. (ECF No. 18.) Dr. Tusluk is alleged to be an ophthalmologist in Modesto, California, who treated plaintiff while plaintiff was a prisoner at California State Prison-Sacramento. (See ECF No. 17 at 2.)

Because plaintiff proceeds in forma pauperis, see Fed. R. Civ. P. 4(c)(3), on February 13, 2025, the court ordered the USMS to serve the complaint on defendant Dr. Tusluk. (ECF No. 20.) Process directed to Dr. Tusluk was returned unserved because when personal service was attempted, the defendant could not be found. The USMS noted the following: "Told by front desk staff that Tusluck retired 5 years ago." (ECF No. 23.)

////

1

By order filed on January 20, 2026, the court informed plaintiff about the failed USMS service attempt, informed plaintiff he must provide additional information to serve the defendant, and informed plaintiff he must promptly seek such information through discovery, the California Public Records Act, Calif. Gov't. Code § 7920.000, et seq., or other means available to plaintiff. (ECF No. 24.) Plaintiff has submitted another completed summons form and USM-285 form for defendant Dr. Tusluk. (ECF No. 25.) However, the address on the summons form is the same address where the USMS already attempted service and could not find the defendant.

Pursuant to Federal Rule of Civil Procedure 4(m),

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

"[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and … should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required." Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause." Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotation marks and citation omitted), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472, 115 (1995).

Here, plaintiff was given notice that Dr. Tusluk could not be found and had the opportunity to seek and provide additional information to serve the defendant. However, plaintiff has not provided sufficient information to locate defendant Dr. Tusluk for service of process and has not shown good cause for an extension of time for that purpose. Plaintiff has not alleged, for example, that he is in the process of attempting to obtain another address where the USMS could serve process on Dr. Tusluk.

////

2

In sum, the USMS has been unable to identify or locate defendant Dr. Tusluk with the information provided by plaintiff. Accordingly, the court should dismiss without prejudice plaintiff's second amended complaint pursuant to Federal Rule of Civil Procedure 4(m) at this time.

For the reasons set forth above, IT IS RECOMMENDED that plaintiff's second amended complaint be dismissed without prejudice under Rule 4(m) of the Federal Rules of Civil Procedure.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 8, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 dao0682.usm8.fr

3